UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORY BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV2112 JAR |
| ) | |
| CITY OF ST. LOUIS COURT BLDG, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Cory Bradley (registration no. 6738), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0.21. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0.00, and an average monthly balance of $1.06. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.21, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the City of St. Louis Carnahan Court Building; Theresa Counts Burke (Judge); Bryan Hettenbach (Judge); City of St. Louis Metropolitan Police Department; U.S. Department of Justice; and Jennifer Joyce (Prosecutor).

Plaintiff alleges that he is a "Private living breathing man/citizen of the United States." He claims that the Carnahan Courthouse "as an entity" has infringed upon his 8th and 9th Amendment rights "by coming against him as a living, breathing man."

Plaintiff alleges that Judge Burke and Judge Hettenbach have wrongfully charged him a criminal bond, and he asserts that they acted in violation of his rights when they denied his motion to reduce his bond.

Plaintiff states that Prosecutor Joyce acted unlawfully by allegedly using his name and social security number without his permission in the prosecution of his criminal action.

Plaintiff asserts that the St. Louis Police Department violated his rights as a "living, breathing man" when they executed a warrant against him and "detained his body."

Plaintiff claims that the U.S. Department of Justice violated his rights by "failing to protect his rights" under the Federal Tort Claims Act when he mailed the government administrative forms and they failed to respond in what he perceived to be a timely manner.

In his exhibits, plaintiff has filed several papers typical of the "sovereign citizens" movement, which have no actual meaning.

## Discussion

The complaint brought before this Court is wholly frivolous and subject to dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1983 imposes liability on state actors for violations of the Constitution or laws of the United States. To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff's complaint lacks the foundational elements necessary to assert claims under § 1983 against the named defendants.

Instead, plaintiff's pleading is filled with frivolous anti-government rhetoric typical to "sovereign" or "redemption" movements that use commercial laws to terrorize their targets. *See, e.g., United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir.2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous). He mentions the Federal Tort Claims Act and attempts to assert a frivolous claim against the Department of Justice. Additionally, he references sanctioning defendants through Joint House Resolution 192)2) June 5, 1933 Public Law 73-10, he asserts that defendants should be held liable under the Fair Debt Collection Act, he asserts that his criminal case is a "taxable transaction predicated on the sale of bonds," he asserts that defendants are acting in "securities fraud" against him, and he complains that the Department of Justice has not acted quickly enough on an administrative review of his letter to them complaining about a breach under the Federal Tort Claim Act. This commercial-law rhetoric cannot suffice to build a civil rights case against defendants. *Id.* As such, defendants case will be dismissed as patently frivolous under 28 U.S.C. § 1915(e)(2)(B).

Moreover, plaintiff has brought claims against the prosecutor who charged him, the police department who arrested him and the judges whom arraigned him; however, none of these defendants can be held liable for the farfetched allegations plaintiff has articulated before this Court. *See, e.g., Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government, such as police departments, are "not juridical entities suable as such."); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (where "the prosecutor is acting as advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity"); *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (judge "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of

all jurisdiction"). This is but further evidence of the frivolity of the present action, and plaintiff is not truly seeking to vindicate a cognizable right in his claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $0.21 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of January, 2015.

                                                          JOHN A. ROSS
                                                          UNITED STATES DISTRICT JUDGE